UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **23-20248-CR-SCOLA/GOODMAN**

18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 982(a)(7)

FILED BY ____SAL____ D.C.

Jun 15, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami Magistrate

UNITED STATES OF AMERICA

vs.

ARIEL GONZALEZ and
LINDA TAYLOR,

　　　　Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### Commercial Insurance

1.　　Employers JetBlue Airways ("JetBlue") and AT&T Inc. ("AT&T") offered Administrative Services Only ("ASO") insurance plans to their employees. These employers contracted with the commercial insurance company Blue Cross Blue Shield ("BCBS") to handle the administrative tasks such as billing, claims handling, and claims payment with respect to claims submitted on behalf of their employees. These ASO insurance plans reimbursed BCBS for the money BCBS paid out for health benefits for their employees.

2. BCBS and the ASO insurance plans offered by JetBlue and AT&T managed by BCBS were health care benefit programs, as defined in Title 18, United States Code, Section 24(b).

3. BCBS often made payments directly to physicians, medical clinics, or other health care providers, rather than to the beneficiary who received the health care benefits, items, and services. This occurred when the provider accepted assignment of the right to payment from the beneficiary.

4. To obtain payment for treatment or services provided to a beneficiary, physicians, medical clinics, and other health care providers had to submit itemized claim forms to the beneficiary's commercial insurance plan. The claim forms were typically submitted electronically via the internet. The claim form required certain important information, including: (a) the beneficiary's name and Health Insurance Claim Number or other identification number; (b) a description of the health care benefit, item, or service that was provided or supplied to the beneficiary; (c) the billing codes for the benefit, item, or service; (d) the date upon which the benefit, item, or service was provided or supplied to the beneficiary; and (e) the name of the referring physician or other health care provider, as well as a unique identifying number, known either as the Unique Physician Identification Number ("UPIN") or National Provider Identifier ("NPI").

5. When a provider submitted a claim form to a commercial insurance plan such as those managed by BCBS, the provider certified that the contents of the form were true, correct, and complete, and that the form was prepared in compliance with the applicable laws and regulations concerning the submission of health care claims. The provider also certified that the services being billed were medically necessary and were, in fact, provided as billed.

**The Defendants, Co-Conspirators, and Related Entities**

6. Phoenix Rehab Center Corp. ("Phoenix Rehab") was a Florida corporation located at 8500 West Flagler Street, Suite #106, Miami, Florida. Phoenix Rehab was a medical clinic that purportedly provided commercial insurance beneficiaries with various treatments and services.

7. Yohana Iriza, a/k/a "Yohana Lozada," was a resident of Miami-Dade County, and one of the true owners and managers of Phoenix Rehab.

8. Anthony Lozada was a resident of Miami-Dade County, and one of the true owners and managers of Phoenix Rehab.

9. Gabriel Lozada was a resident of Miami-Dade County, and one of the true owners and managers of Phoenix Rehab.

10. Defendant **ARIEL GONZALEZ** was a resident of Miami-Dade County, and one of the true owners and managers of Phoenix Rehab.

11. Defendant **LINDA TAYLOR** was a resident of Miami-Dade County and an employee of AT&T.

**COUNT 1**
**Conspiracy to Commit Health Care Fraud**
**(18 U.S.C. § 1349)**

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2. From in or around August 2018, and continuing through in or around September 2020, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**ARIEL GONZALEZ and**
**LINDA TAYLOR,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate and agree with each other, Gabriel Lozada, Yohana Iriza, a/k/a "Yohana Lozada," Anthony Lozada, and with others known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, BCBS and ASO insurance plans managed by BCBS, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

## **PURPOSE OF THE CONSPIRACY**

3. It was a purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) offering and paying kickbacks and bribes to patient recruiters in return for referring BCBS beneficiaries to Phoenix Rehab; (b) submitting and causing the submission of false and fraudulent claims to BCBS; (c) concealing the submission of false and fraudulent claims to BCBS; (d) concealing the receipt and transfer of the fraud proceeds; and (e) diverting the fraud proceeds for their personal use and benefit, and the use and benefit of others, and to further the conspiracy.

## **MANNER AND MEANS OF THE CONSPIRACY**

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4. Gabriel Lozada, Yohana Iriza, a/k/a "Yohana Lozada," and Anthony Lozada offered and paid kickbacks and bribes to patient recruiters, including **LINDA TAYLOR**, in return

for referring BCBS beneficiaries to Phoenix Rehab to be used to submit false and fraudulent health insurance claims to BCBS for health care benefits that were medically unnecessary and not provided to the beneficiaries as represented.

5. **LINDA TAYLOR** and Gabriel Lozada offered and paid kickbacks and bribes to beneficiaries of BCBS and ASO insurance plans managed by BCBS in return for allowing Phoenix Rehab to submit false and fraudulent health insurance claims to BCBS for health care benefits that were medically unnecessary and not provided to the beneficiaries as represented.

6. **ARIEL GONZALEZ** provided funding to Phoenix Rehab to further the fraud scheme, including by taking out a business loan for Phoenix Rehab and by bringing large sums of cash to his co-conspirators to pay kickbacks and bribes to patient recruiters and beneficiaries of BCBS and ASO insurance plans managed by BCBS.

7. **ARIEL GONZALEZ, LINDA TAYLOR**, Gabriel Lozada, Yohana Iriza, a/k/a "Yohana Lozada," and Anthony Lozada submitted and caused Phoenix Rehab to submit claims to BCBS which falsely and fraudulently represented that various health care benefits had been provided by Phoenix Rehab to beneficiaries of BCBS and ASO insurance plans managed by BCBS.

8. As a result of such false and fraudulent claims, BCBS made payments to Phoenix Rehab through the corporate bank accounts of Phoenix Rehab.

9. **ARIEL GONZALEZ, LINDA TAYLOR**, Gabriel Lozada, Yohana Iriza, a/k/a "Yohana Lozada," Anthony Lozada, and their co-conspirators used the proceeds of the health care fraud for their personal use and benefit, the use and benefit of others, and to further the fraud.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-5
## Health Care Fraud
## (18 U.S.C. § 1347)

1.      The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.      From in or around August 2018, and continuing through in or around September 2020, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**ARIEL GONZALEZ and
LINDA TAYLOR,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), that is, BCBS and ASO insurance plans managed by BCBS, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program.

### PURPOSE OF THE SCHEME AND ARTIFICE

3.      It was a purpose of the scheme and artifice for the defendants and their accomplices to unlawfully enrich themselves by, among other things: (a) offering and paying kickbacks and bribes to patient recruiters in return for referring BCBS beneficiaries to Phoenix Rehab; (b) submitting and causing the submission of false and fraudulent claims to BCBS; (c) concealing the submission of false and fraudulent claims to BCBS; (d) concealing the receipt and transfer of the fraud proceeds; and (e) diverting the fraud proceeds for their personal use and benefit, and the use and benefit of others, and to further the fraud.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

4. The allegations contained in paragraphs 4 through 8 of the Manner and Means of the Conspiracy section of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## ACTS IN EXECUTION OF THE SCHEME AND ARTIFICE

5. On or about the dates and for the defendants specified below, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program, in that the defendants caused the submission of claims to BCBS which falsely and fraudulently represented that physical therapy services had been provided by Phoenix Rehab to beneficiaries of BCBS and ASO insurance plans managed by BCBS, as set forth below:

| Count | Approx. Date Claim Received | Defendants | Beneficiary | Claim Number; Approx. Amount Claimed |
|---|---|---|---|---|
| 2 | June 14, 2019 | ARIEL GONZALEZ and LINDA TAYLOR | T.A. | H100000748575579; $1,410 |
| 3 | September 27, 2019 | ARIEL GONZALEZ and LINDA TAYLOR | J.I.M. | H100000769062034; $1,740 |
| 4 | November 22, 2019 | ARIEL GONZALEZ | B.F. | H100000780710855; $1,560 |
| 5 | March 6, 2020 | ARIEL GONZALEZ | A.M. | H100000801639616; $1,560 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## **FORFEITURE ALLEGATIONS**

1.  The allegations contained in this Indictment are hereby realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America certain property in which the defendants, **ARIEL GONZALEZ** and **LINDA TAYLOR**, have an interest.

2.  Upon conviction of a violation of Title 18, United States Code, Section 1347, or a conspiracy to commit such offense, as alleged in this Indictment, the defendants shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violation, pursuant to Title 18, United States Code, Section 982(a)(7).

3.  If any of the property subject to forfeiture, as a result of any act or omission of any defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
WILL J. ROSENZWEIG
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ARIEL GONZALEZ, et al.

_____/
Defendants.

CASE NO.: _____

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☒ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish

4. This case will take __4__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)
   I    ☒ 0 to 5 days                  ☐ Petty
   II   ☐ 6 to 10 days                 ☐ Minor
   III  ☐ 11 to 20 days                ☐ Misdemeanor
   IV   ☐ 21 to 60 days                ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge Altman   Case No. 22-cr-20562-RKA

9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
Will J. Rosenzweig
Assistant United States Attorney
Court ID No.   A5502698

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: Ariel Gonzalez

**Case No**: _____

Count #: 1

Conspiracy to Commit Health Care Fraud

Title 18, United States Code, Section 1349

* **Max. Term of Imprisonment:** 10 Years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000 or Twice the Gross Gain or Loss Resulting from the Offense

Counts #: 2-5

Health Care Fraud

Title 18, United States Code, Section 1347

* **Max. Term of Imprisonment:** 10 Years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000 or Twice the Gross Gain or Loss Resulting from the Offense

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** Linda Taylor

**Case No:** _____

Count #: 1

Conspiracy to Commit Health Care Fraud

Title 18, United States Code, Section 1349

* **Max. Term of Imprisonment:** 10 Years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000 or Twice the Gross Gain or Loss Resulting from the Offense

Counts #: 2-3

Health Care Fraud

Title 18, United States Code, Section 1347

* **Max. Term of Imprisonment:** 10 Years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000 or Twice the Gross Gain or Loss Resulting from the Offense

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.